# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

YOLANDA DANIELS
In re Carrie Williams,

              Plaintiff,

     v.                                 Case No. 09-CV-649

MIKE GEORGE and
MILWAUKEE COUNTY DEPARTMENT ON AGING,

              Defendants.

_____

# ORDER

Plaintiff Yolanda Daniels ("Daniels") files a *pro se* lawsuit alleging that defendant Mike George[1] had Daniels's aunt, Carrie Williams ("Williams"), wrongly removed from Daniels's home and placed into protective custody. Daniels also claims that Williams was being held against her will.[2] In connection with her complaint, Daniels filed a motion for leave to proceed in forma pauperis (IFP). The court will grant her request.

Any party instituting a non-habeas civil action, suit or proceeding in a district court of the United States must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). However, a court may authorize a party to proceed IFP, which allows the party to

---

[1]Daniels does not specifically mention the Milwaukee County Department on Aging in her complaint. The court surmises that Mike George worked for the Department at the time of the events in question, however, this is not made clear in Daniels's filings.

[2]The court ordered Daniels to show cause why her action should not be dismissed for a lack of subject matter jurisdiction. In response, Daniels filed a one-page statement asserting, among other things, that her aunt was being held against her will and that the women's right "to be secure in our home we're [sic] violated." (*See* Docket #5).

prosecute his suit "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). The statute is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed IFP, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a *pro se* plaintiff's allegations "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Daniels has adequately demonstrated an inability to pay the required costs and fees. She filed an affidavit asserting that she and her spouse are both currently unemployed and they have four dependent children. Further, Daniels affirms that her monthly expenses exceed her income. On the basis of these filings, the court determines that Daniels is unable to pay the costs of commencing this action.

Further, the court cannot deem the action frivolous or malicious or conclude that it seeks money damages against a defendant immune from such relief. Whether the complaint states a claim is questionable, however, given the liberal construction required for *pro se* plaintiffs, the court will not definitively determine that Daniels fails to state a claim at this point in the proceedings. Full briefings from the

Case 2:09-cv-00649-JPS   Filed 09/22/09   Page 2 of 3   Document 7

parties on this issue will be beneficial for the court. Therefore, the court will grant Daniels's motion and allow her to proceed IFP.

Accordingly,

**IT IS ORDERED** that Daniels's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that a United States Marshal shall serve a copy of the summons and complaint upon defendants Mike George and the Milwaukee County Department on Aging, pursuant to Federal Rule of Civil Procedure 4(c)(3).

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-3-